## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Chad Goetz, <br>                 Plaintiff <br><br><br>      v. <br><br><br> Seterus, Inc., <br>                 Defendant | <br><br><br><br> ELECTRONICALLY FILED |

## COMPLAINT

### I.     INTRODUCTION

1.     This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the Act"). Defendant made multiple calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II.     JURISDICTION AND VENUE

2.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan 18, 2012).

3.     Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

## III.  PARTIES

4.      Plaintiff is a natural person residing at 1006 Hemlock Farms, Hawley, PA 18428.

5.      Defendant, Seterus, Inc., is a corporation with a place of business located at 14523 SW Millikan Way, Suite 200, Beaverton, OR 97005. At all relevant times, Defendant placed calls to individuals in this state.

## IV.  STATEMENT OF CLAIM

6.      Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

7.      Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

8.      Plaintiff has a cellular telephone number that he has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

9.      At all relevant times this phone number has been assigned to a cellular telephone service.

### *Count 1- Violation of the Act*

10.     The foregoing paragraphs are incorporated herein by reference.

11.     Defendant caused to be made an unknown number of calls to Plaintiff's cell phone number.

2

12.   The calls made to Plaintiff's cell phone were made using either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

13.   These telephone calls were not made for "emergency purposes", as defined in 47 C.F.R. § 64.1200.

14.   These telephone calls were not made with the Plaintiff's prior express consent.

15.   These telephone calls were placed while Plaintiff was in the United States.

16.   Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendant caused to be made to Plaintiff's cellular telephone number.

17.   Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

18.     For each violation that was made willfully and/or knowingly, the Court

may, in its discretion, increase the amount of the award to an amount equal to, but

not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendant statutory

damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such

other and further relief as the court deems just and proper.

debt

## V.     DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

s/ Brett Freeman
Brett Freeman
Bar Number: PA 308834
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA  18512
Attorney for Plaintiff
Phone (570) 341-9000
Fax (570) 504-2769
Email bfecf@bankruptcypa.com